IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CV-161-D

| | |
|---|---|
| ANTHONY MUTRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NC DOT FERRY DIVISION, ) | |
| TERRY GRAY, CHARLIE FEARING, ) | |
| and HAL SCARBOROUGH, ) | |
| ) | |
| Defendants. ) | |

Only July 9, 2012, North Carolina Department of Transportation Ferry Division ("NCDOT" or "defendant") filed a motion to dismiss Anthony Mutro's ("Mutro" or "plaintiff") amended complaint [D.E. 38]. On July 30, 2012, Mutro responded in opposition [D.E. 40].

Mutro's claim under the Family Medical Leave Act ("FMLA") is barred by the two-year statute of limitations. See 29 U.S.C. § 2617(c)(1). Moreover, the amended complaint lacks plausible allegations that the alleged FMLA violation was willful. Cf. Freeman v. Phila. Hous. Auth., Civil Action No. 12-1422, 2012 WL 3235323, at *7 (E.D. Pa. Aug. 8, 2012) (unpublished); Teasley v. Southwark Metal Mfg. Co. Inc., Civil Action No. 6:11-cv-01276-JMC-JDA, 2011 WL 6843013, at *4–5 (D.S.C. Dec. 7, 2011) (unpublished); Male v. Tops Mkts., LLC, No. 08-CV-6234, 2011 WL 2421224, at *5 (W.D.N.Y. June 13, 2011) (unpublished). Accordingly, Mutro does not get the benefit of the three-year statute of limitations, 29 U.S.C. § 2617(c)(2), and his FMLA claim is dismissed.

As for Mutro's ADA claim and wrongful-discharge claim, defendant's motion to dismiss is denied in light of the governing standard under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555–56 (2007); Coleman v. Md. Ct. App., 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). However, plaintiff's request for punitive damages under the ADA and North Carolina law fails to state a claim upon which relief can be granted and is dismissed. See, e.g., 42 U.S.C. § 1981a(b)(1) (barring recovery of punitive damages from government in ADA action); Crain v. Butler, 419 F. Supp. 2d. 785, 793 (E.D.N.C. 2005) (absent a statute authorizing an award of punitive damages against a North Carolina government entity for a claim under North Carolina law, such damages are not authorized); Efird v. Riley, 342 F. Supp. 2d 413, 430 (M.D.N.C. 2004) (same).

Accordingly, defendant's motion to dismiss [D.E. 38] is GRANTED in part and DENIED in part. The FMLA claim and the request for punitive damages are DISMISSED.

SO ORDERED. This 27 day of September 2012.

JAMES C. DEVER III
Chief United States District Judge